FILED
United States Court of Appeals
Tenth Circuit

March 11, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROJELIO BARRON,

Plaintiff-Appellant,

v.

KEN MACY, Sheriff; AMY
CORDOLIA, Deputy Sheriff,

Defendants-Appellees.

No. 07-3276
(D.C. No. 5:07-CV-3180-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **GORSUCH**, Circuit Judges.

Pro se plaintiff Rojelio Barron, a Kansas inmate, appeals the district court's

judgment dismissing his claims brought under 42 U.S.C. § 1983 for deliberate

indifference to his serious medical needs.  We affirm.

Barron complains that his little finger was broken when his hand was

caught in the van door during a transport between the county jail and the

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

courthouse. He claims that during the five hours he waited to appear before a judge, he was in severe pain. According to Barron, when he was returned to the jail, he had to make several requests before he received any medical treatment, and the pain medication he eventually received was inadequate. He asserts that he cannot bend his finger without pain.

Barron filed suit asserting that jail personnel were deliberately indifferent to his serious medical needs. The district court granted Barron's motion to proceed in forma pauperis. The court then evaluated his complaint pursuant to 28 U.S.C. § 1915A(a), and dismissed it for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

We review de novo the district court's dismissal of an in forma pauperis complaint under § 1915(e)(2)(B)(ii) for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "'Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* at 1218 (quoting *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007)). In reviewing the complaint, we accept as true the plaintiff's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *Id.* at 1217. "In addition, we must construe a pro se appellant's complaint liberally." *Id.* at 1218 (quotation omitted).

Barron was a pretrial detainee at the time his claims arose. "Pretrial detainees are protected under the Due Process Clause rather than the Eighth

-2-

Amendment, [and] this Court applies an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) (quotation omitted). "A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "'Deliberate indifference' involves both an objective and a subjective component." *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000). For the objective component, a "prisoner must first produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Mata*, 427 F.3d at 751 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires "evidence of the prison official's culpable state of mind," which may be fulfilled by showing that the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference." *Id.* (quotation omitted).

Barron claims that he was in pain for five hours while awaiting his court appearance and that he did not thereafter receive adequate pain medication. He contends that jail personnel neglected his suffering. In addition, he sustained

a broken little finger which he asserts continues to cause him pain when he moves it.

Barron's factual allegations do not meet the test's subjective component. As the district court observed, Barron "cited no swelling, discoloration, bleeding, or [visible] broken bones that would make his injury as one obviously needing immediate medical care." R. Doc. 6, at 2. On appeal, Barron does not challenge this observation. Moreover, his claims of neglect – that jail personnel neglected his suffering and failed to take him to the infirmary – are insufficient. Accordingly, we conclude that the complaint does not state a claim that the jail officials knew of and disregarded an excessive risk to his health or safety. Because the subjective component fails, Barron's deliberate-indifference claim was properly dismissed under § 1915(e)(2)(B)(ii).

The district court granted Barron leave to proceed on appeal in forma pauperis, but he is reminded that he is obligated to make partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b). The judgment of the district court is AFFIRMED. The district court's dismissal for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g); *see Jennings v. Natrona County Det. Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir. 1999).

Entered for the Court


Michael R. Murphy
Circuit Judge

-4-