FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**October 4, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

AARON DUGAR,

    Plaintiff - Appellant,

v.

BOARD OF COUNTY
COMMISSIONERS FOR CLEAR CREEK
COUNTY, COLORADO; SHERIFF RICK
ALBERS, in his individual capacity, and
JOHN DOE SHERIFF'S OFFICERS 1-10,
in their individual and official capacities,

    Defendants - Appellees.

No. 21-1380
(D.C. No. 1:20-CV-03053-WJM-NYW)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HOLMES**, Chief Judge, **KELLY**, and **HARTZ**, Circuit Judges.

_____

Aaron Dugar appeals the dismissal under Fed. R. Civ. P. 12(b)(6) of his

42 U.S.C. § 1983 claims against the Board of County Commissioners for Clear Creek

County (the County), Sheriff Rick Albers, and several unnamed sheriff's officers,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

after another detainee severely injured him in a jailhouse assault.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

The facts we set forth come from Mr. Dugar's Amended Complaint, the well-

pleaded allegations of which we take as true when we evaluate a motion to dismiss.

*See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

Mr. Dugar was a pretrial detainee at Clear Creek Detention Facility (CCDF).

Demontrae Wilson was also a detainee at CCDF.  Mr. Wilson was detained on

charges of attempted first-degree murder.  CCDF housed Mr. Dugar and Mr. Wilson

in the same pod along with 18 to 20 other detainees.  CCDF staff could see the

detainees via video camera, but did not have a direct line of sight to the pod.  Two

sheriff's officers supervised an area of CCDF including Mr. Dugar's pod housing 120

detainees.

One evening Mr. Wilson, unprovoked, violently attacked Mr. Dugar.  Other

detainees in the pod intervened and stopped the attack.  CCDF staff entered the pod

two minutes after the attack began.  Mr. Dugar survived, but the attack left him with

serious injuries, including fractures to his face, a broken jaw, dismembered teeth,

head and neck trauma, and stab wounds.  About two weeks before the attack one

officer said to another officer that CCDF was undermanned, that two officers were

not enough to oversee 120 detainees, and that a change was forthcoming so four

officers would supervise 120 detainees.

Mr. Dugar alleged that the County and Sheriff Albers developed policies resulting in overcrowding and understaffing, and that the resulting jail conditions caused the attack. He further alleged that the John Doe sheriff's officers were deliberately indifferent when they placed him and Mr. Wilson close to each other and when they failed to step in more quickly to stop the attack. He concluded that each of the defendants thereby violated his rights under the Eighth Amendment.[1]

The County and Sheriff Albers moved to dismiss, and the district court granted the motion. The district court dismissed the official-capacity claim against Sheriff Albers as duplicative of the claim against the County. It dismissed the individual-capacity claims against Sheriff Albers for failure to allege personal participation in the constitutional violation.

The court dismissed the claims against the County because, even assuming Mr. Dugar had adequately alleged that an official policy or custom caused the attack, he failed to allege the County enacted such policy with deliberate indifference toward

---

[1] Mr. Dugar invoked the Eighth Amendment in his amended complaint, but because the alleged violations occurred in a jail rather than a prison, his claims arise under the Fourteenth Amendment. Although the district court stated that Mr. Dugar's "claims properly arise under the Fourteenth Amendment," it cited earlier authority from this court applying the analytical framework applicable to Eighth Amendment claims. Aplt. App. at 75 n.2 (citing *Barron v. Macy*, 268 F. App'x 800, 801 (10th Cir. 2008)). Since the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), however, we have held that there are times when the relevant lines of analysis are not coextensive. *See Brown v. Flowers,* 974 F.3d 1178, 1182 (10th Cir. 2020) (excessive-force claim). But for claims like Mr. Dugar's that complain of official *inaction*, we continue to apply the Eighth Amendment's deliberate-indifference standard. *See Strain v. Regalado*, 977 F.3d 984, 991 (10th Cir. 2020), *cert. denied*, 142 S. Ct. 312 (2021).

3

an inevitable constitutional injury. In particular, he failed to allege the County knew its staffing levels would result in attacks such as the one he faced, or that it was aware of the risk posed by housing detainees charged with violent offenses (such as Mr. Wilson) in the general population.[2]

Finally, the district court dismissed the claims against the Doe defendants because Mr. Dugar failed to allege any of them subjectively knew of and disregarded a risk to his health and safety. Mr. Dugar does not challenge on appeal the dismissal of the Doe defendants.

## DISCUSSION

"We review de novo a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim. Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (italics, citation, and internal quotation marks omitted). "[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet this standard, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[2] We also note that Mr. Dugar did not allege that his detention at CCDF stemmed from a nonviolent charge. So even if the County adopted a policy of housing detainees charged with violent crimes in a separate area from those charged with nonviolent crimes, this would not necessarily have resulted in Mr. Dugar's separation from Mr. Wilson.

4

Mr. Dugar argues that the court erred when it concluded he failed to plead sufficient facts to state an individual-liability claim against Sheriff Albers. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. To "succeed in a § 1983 suit against a defendant-supervisor," a plaintiff must demonstrate, among other things, that the defendant-supervisor "acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). The state of mind required to establish an Eighth Amendment violation is deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The allegations in the amended complaint do not suggest that Sheriff Albers acted with deliberate indifference. Mr. Dugar alleged merely that (1) Sheriff Albers had high-level policymaking authority at CCDF, and (2) conditions at the facility (including overcrowding, the lack of a direct line-of-sight between officers and detainees, and the housing of Mr. Dugar and Mr. Wilson in the same unit) resulted in the attack. (Mr. Dugar does not contest the district court's conclusion that his official-capacity claim against Sheriff Albers is duplicative of his claim against the County. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for

5

under *Monell* [*v. Department of Social Services of City of N.Y.*, 436 U.S. 658 (1978)] , . . . local government units can be sued directly for damages and injunctive or declaratory relief.").)

Mr. Dugar argues that "it is clear that Defendant Sheriff, as a policymaker, was deliberately indifferent when he deliberately or consciously fails to act when presented with an obvious risk of constitutional harm which will almost inevitably result in constitutional injury of the type experienced by the plaintiff," Aplt. Opening Br. at 16; but his assertion that there existed an "obvious risk of constitutional harm" at CCDF is entirely devoid of factual support in the complaint. Even taking as true the allegation that one officer mentioned to another officer two weeks before the attack that the facility was understaffed, Mr. Dugar pleaded no facts indicating Sheriff Albers was aware of this assessment, let alone that he regarded it as true and consciously chose to disregard it. The district court therefore correctly dismissed the individual-capacity claims against Sheriff Albers.

Mr. Dugar's claims against the County likewise fail. To establish municipal liability for a constitutional violation, Mr. Dugar must show an official policy or custom "that . . . was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). Assuming he adequately pleaded that the County maintained a policy that caused his injury, he did not plead that the County made its staffing decisions at CCDF with deliberate indifference to the "known or obvious consequences" of its actions. *Id.* at 770. He pleaded no facts showing the County

6

was aware its staffing posed a threat to detainees or that monitoring detainees via remote camera as opposed to direct line-of-sight created an "almost inevitable constitutional injury." *Id.* at 769. And he pleaded no facts showing the County should have been aware Mr. Wilson posed a risk to other detainees merely by virtue of the charges pending against him. The district court therefore correctly dismissed Mr. Dugar's § 1983 claims against the County.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge